SC

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Francisco Javier Aldrete II, | ) | No. CV 10-2514-PHX-DGC (DKD) |
| Plaintiff, | )<br>) | **ORDER** |
| vs. | )<br>) | |
| Arizona Department of Corrections, et al., | )<br>) | |
| Defendants. | )<br>) | |

Plaintiff Francisco Javier Aldrete II, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

JDDL-K

1   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

2   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

3   be granted, or that seek monetary relief from a defendant who is immune from such relief.

4   28 U.S.C. § 1915A(b)(1), (2).

5       A pleading must contain a "short and plain statement of the claim *showing* that the

6   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

7   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

8   unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

9   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

10  statements, do not suffice."  Id.

11      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

12  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

13  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

14  that allows the court to draw the reasonable inference that the defendant is liable for the

15  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

16  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

17  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

18  allegations may be consistent with a constitutional claim, a court must assess whether there

19  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.  But as the

20  United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue

21  to construe *pro se* filings liberally."  Hebbe v. Pliler, No. 07-17265, 2010 WL 4673711 at *3

22  (9th Cir. Nov. 19, 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

23  stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v.

24  Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

25      If the Court determines that a pleading could be cured by the allegation of other facts,

26  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

27  action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

28  should not, however, advise the litigant how to cure the defects.  This type of advice "would

1    undermine district judges' role as impartial decisionmakers." <u>Pliler v. Ford</u>, 542 U.S. 225,

2    231 (2004); <u>see also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide whether the court was

3    required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for

4    failure to state a claim with leave to amend because the Complaint may possibly be saved by

5    amendment.

6    **III.    Complaint**

7         Plaintiff alleges three counts for denial of constitutionally adequate medical care,

8    retaliation, and threats to safety.  All of Plaintiff's claims concern events that occurred while

9    he was incarcerated by the Arizona Department of Corrections (ADC).  Plaintiff sues ADC

10   and the following employees: Director Charles Ryan; Deputy Warden Malone; Sergeants

11   Jackson, Hassel, Trujillo, and Massey; and Corrections Officer (CO) IV Baldwin.  Plaintiff

12   seeks injunctive, compensatory, and punitive relief.

13        Plaintiff alleges the following facts in his Complaint: On December 16, 2008, Plaintiff

14   arrived at the Bachman Unit, which is part of the Lewis Complex. (Doc. 1 at 5.) On January

15   20, 2009, a large group of drunk inmates attacked Plaintiff on the recreation field, injuring

16   him.  Plaintiff went to the hospital where he was x-rayed and a CT scan was performed.

17   Plaintiff returned to the prison several hours later.  On January 21, Plaintiff was taken to the

18   Inmate Accountability Office for an interview by Sergeant Jackson and other officers.

19   Plaintiff  "filled a letter out" in front of Jackson stating that he did not feel safe. (<u>Id.</u> at 5.)

20   Jackson told Plaintiff he needed to submit another inmate letter saying he did not fear for his

21   life, although that was untrue.  (<u>Id.</u>)  Jackson and the other officers taunted and ridiculed

22   Plaintiff and Jackson mocked Plaintiff by asking if he was sure that he had not been stabbed.

23   (<u>Id.</u> at 3.)  Jackson then took Plaintiff to a bathroom and made him strip for the purported

24   purpose of ascertaining that he had not been stabbed.  (<u>Id.</u>)  Plaintiff filed a grievance with

25   Deputy Warden Malone, but never received a response.  Plaintiff told the warden and his

26   counselor – neither of whom are identified– that he did not feel safe, but  his pleas were

27   ignored.  On February 9, Disciplinary Sergeant Massey told Plaintiff that it was his fault that

28   he was assaulted and that he would have to pay the $6,300 hospital bill.  Massey signed the

1   "money disbursement" after Plaintiff refused to do so.  (Id. at 4.)

2       On March 6 or 7, 2009, Plaintiff was again assaulted by inmates on the recreation field

3   resulting in bruising to his head and thumb.  Although the assault occurred in front of

4   unidentified officers, none of them intervened.  Plaintiff complained to his counselor, who

5   said she would try to have him moved.  A week later, she told Plaintiff that Deputy Warden

6   Malone would not move him.

7       On March 17, 2009, Plaintiff was again assaulted by other inmates.  Plaintiff was

8   moved to the Bachman Detention Unit (BDU), presumably for his safety.  The next day,

9   Plaintiff was taken to the Inmate Accountability Office where he was interviewed by

10  Sergeant Hassel.  During the interview, Plaintiff's hands were cuffed in front of him.  After

11  the interview, Hassel attempted to remove the handcuffs, but was unable to do so.  Hassel

12  sprayed a flammable lubricant on the cuffs, but was still unable to remove them.  Hassel and

13  Sergeant Trujillo sought additional help and another officer arrived with a metal grinder.

14  While Trujillo watched, that officer began to cut the cuffs off causing sparks to fly "all over"

15  Plaintiff's hands and to burn his right hand.  (Id. at 3.)  Plaintiff asked to be taken to medical,

16  but was not.  Instead, one of the officers  applied toothpaste to the burn and Plaintiff was

17  returned to his cell.  Plaintiff alleges that he was scarred and denied medical treatment for

18  his burn.  He also alleges that he did not consent to having toothpaste put on his burn.

19  Plaintiff filed an informal resolution and grievance concerning the burn to his hand.

20      After Plaintiff was transferred to BDU, he requested that his television be transferred

21  from the Bachman Unit to him in BDU.  Although the television was apparently transferred

22  to the Inmate Accountability Building, it was subsequently lost.  Plaintiff filed an informal

23  resolution.  CO IV Baldwin asked Plaintiff for his original receipt.  She made a copy of the

24  receipt, which was illegible, and gave Plaintiff the copy while keeping the original.  Plaintiff

25  did not receive responses to his informal grievance or appeal to the grievance co-ordinator.

26  He asserts that his grievance and informal resolution were destroyed as retaliation.

27      Plaintiff was scheduled to be released from prison on May 11, 2009.  On May 10,

28  2009, Sergeant Trujillo came to Plaintiff's cell with Plaintiff's grievance regarding his

1    burned hand.  Trujillo asked to see the burned hand.  After seeing the scar from the burn, he

2    commented that he did not remember it being that bad.  On May 11, 2009, Plaintiff was

3    rolled up from BDU and processed for release.  He was taken to the Complex "C.I.P."

4    Officers had Plaintiff sign for his check and took his release picture, and Plaintiff changed

5    into his release clothes.  While waiting to be released, an unidentified officer told Plaintiff

6    that he was not going to be released because no confirmation of his release had been

7    received.  Plaintiff was returned to confinement.  Plaintiff wrote to CO IV Baldwin and

8    others at Central Officer to secure his release and find out why it had been delayed.  On May

9    27, 2009, Plaintiff was released.

10   **IV.    Failure to State a Claim**

11          To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

12   conduct about which he complains was committed by a person acting under the color of state

13   law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

14   Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he

15   suffered a specific injury as a result of the conduct of a particular defendant and he must

16   allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.

17   Goode, 423 U.S. 362, 371-72, 377 (1976).

18          **A.    ADC**

19          Plaintiff sues the ADC.  Under the Eleventh Amendment to the Constitution of the

20   United States, neither a state nor a state agency may be sued in federal court without its

21   consent.  Pennhurst St. Sch. & Hosp., 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d

22   1040, 1045 (9th Cir. 1989).  Arizona has not manifested the intention to waive its sovereign

23   immunity under the Eleventh Amendment from suit in federal court.  Accordingly, the ADC

24   will be dismissed from this action.

25          **B.    Ryan and Malone**

26          Plaintiff sues Director Ryan and Deputy Warden Malone.  Although they may

27   properly be sued for constitutional violations, Plaintiff fails to state a claim against either.

28   "A plaintiff must allege facts, not simply conclusions, that show that an individual was

1   personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d

2   1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff

3   must allege that the official acted as a result of a policy, practice, or custom.  See Cortez v.

4   County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat*

5   *superior* liability under § 1983, so a defendant's position as the supervisor of someone who

6   allegedly violated a plaintiff's constitutional rights does not make him liable.  Monell v.

7   Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

8   1989).  A supervisor in his individual capacity "is only liable for constitutional violations of

9   his subordinates if the supervisor participated in or directed the violations, or knew of the

10  violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.  Further, where a

11  defendant's only involvement in allegedly unconstitutional conduct is the denial of

12  administrative grievances, the failure to intervene on a prisoner's behalf to remedy the

13  alleged unconstitutional behavior does not amount to active unconstitutional behavior for

14  purposes of § 1983.  Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Mintun

15  v. Blades, No. CV-06-139-BLW, 2008 WL 711636 at *7 (D. Idaho Mar. 14, 2008); Stocker

16  v. Warden, No. 1:07-CV-00589LJODLBP, 2009 WL 981323 at *10 (E.D. Cal. Apr. 13,

17  2009).

18      Plaintiff fails to allege any facts against Ryan.  He has not alleged facts to support that

19  Ryan enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's

20  constitutional rights.  He also has not alleged facts to support that Ryan directly violated his

21  constitutional rights or that Ryan was aware that Plaintiff's rights were being violated but

22  failed to act.

23      As to Malone, Plaintiff alleges that he filed a grievance with Deputy Warden Malone,

24  but never received a response and that Baldwin told Plaintiff that Malone declined to move

25  him.  These allegations, absent more, are not sufficient to state a claim against Malone.  As

26  with Ryan, Plaintiff has not alleged that Malone enacted or enforced a policy, custom or

27  practice that resulted in a violation of Plaintiff's constitutional rights.  Plaintiff also has not

28  alleged facts to support that Malone directly violated Plaintiff's constitutional rights.

1    Therefore, Plaintiff fails to state a claim against Malone.

2        **C.    Count I**

3        Plaintiff designates Count I as a claim for denial of constitutionally sufficient medical

4    care after his right hand was burned.  Not every claim by a prisoner relating to inadequate

5    medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a

6    § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate

7    indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)

8    (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious

9    medical need" by demonstrating that failure to treat the condition could result in further

10   significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's

11   response was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotations omitted).

12       "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051,

13   1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know

14   of and disregard an excessive risk to inmate health – "the official must both be aware of facts

15   from which the inference could be drawn that a substantial risk of serious harm exists, and

16   he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate

17   indifference in the medical context may be shown by a purposeful act or failure to respond

18   to a prisoner's pain or possible medical need and harm caused by the indifference.  Jett, 439

19   F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally

20   denies, delays, or interferes with medical treatment or by the way prison doctors respond to

21   the prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

22       Deliberate indifference is a higher standard than negligence or lack of ordinary due

23   care for the prisoner's safety.  Farmer, 511 U.S. at 835.  "Neither negligence nor gross

24   negligence will constitute deliberate indifference."  Clement v. California Dep't of

25   Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter

26   Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

27   "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does

28   not amount to deliberate indifference to [a plaintiff's] serious medical needs."  Sanchez v.

Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."  Estelle, 429 U.S. at 105.

Plaintiff fails to allege facts to support that the burn rose to the level of a serious medical need.  Plaintiff has not alleged facts to show that failure to treat the hand could have resulted in further significant injury or resulted in the unnecessary and wanton infliction of pain.  Plaintiff also fails to allege facts to support that Defendants Hassel or Trujillo knew or should have known that the burn rose to the level of a serious medical need or that the failure to obtain medical care could or was likely to result in further significant injury or the unnecessary and wanton infliction of pain.  For these reasons, Plaintiff fails to state a claim against Count I.

### D.    Count II

Plaintiff designates Count II as a claim for retaliation.  He also appears to be asserting a claim for sexual harassment and deprivation of property without due process.

### 1.    Retaliation

To state a constitutional claim for retaliation, a plaintiff must allege that a defendant acting under color of state law took adverse action against him because he engaged in protected conduct, the adverse action was not narrowly tailored to advance legitimate goals, and the adverse action chilled the plaintiff's exercise of his First Amendment rights or caused him to suffer more than minimal harm.  Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest").

In Count II, Plaintiff alleges that: (1) just after he returned from several hours at a hospital, Sergeant Jackson made him strip, purportedly to look for injuries; (2) he informed

1  his unidentified counselor that he felt unsafe in the Unit, but was ignored; (3) Massey blamed

2  Plaintiff for the January 20 assault and said that Plaintiff was liable for his medical expenses;

3  (4) Plaintiff's television was lost after he moved to BDU and Baldwin failed to respond to

4  his grievance regarding the loss after he provided her with the original receipt; (5) Trujillo

5  came to see the scar from the burn one day prior to Plaintiff's scheduled release in response

6  to a grievance regarding the burn; and (6) Plaintiff's scheduled release was delayed 17 days.

7  Plaintiff fails to connect allegations (2) and (6) to any named Defendant and thereby fails to

8  state a claim for retaliation.  As to the remaining allegations, Plaintiff does not allege facts

9  to support that those incidents were in retaliation for Plaintiff engaging in protected conduct,

10  nor does he identify the protected conduct.  Thus, Plaintiff fails to state a claim for retaliation

11  in Count II.

12            **2.    Sexual Harassment**

13            Plaintiff asserts that Jackson sexually harassed him by gratuitously requiring him to

14  strip following his return from the hospital.  The Eighth Amendment protects inmates from

15  sexual abuse at the hands of other inmates or guards.  Austin v. Terhune, 367 F.3d 1167,

16  1171 (9th Cir. 2004) (guard's exposing himself to prisoner in elevated, glass-enclosed control

17  booth for 30-40 seconds failed to state claim under § 1983); Schwenk v. Hartford, 204 F.3d

18  1187, 1197 (9th Cir. 2000).   Verbal harassment or abuse alone does not rise to a

19  constitutional level.  Id.; Somers v. Thurman, 109 F.3d 614, 624 (9th Cir.1997); Oltarzewski

20  v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)).  Further, not every touch by a prison guard

21  gives rise to a federal cause of action; the Eighth Amendment's prohibition of cruel and

22  unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of

23  physical force.  Hudson v. McMillian, 503 U.S. 1, 9-10 (1992); see Grummett v. Rushen, 779

24  F.3d 491, 495 (9th Cir. 1985) (pat searches of male inmates by female officers did not rise

25  to the level of a Fourteenth Amendment violation).  To state a claim, a plaintiff must allege

26  facts to support that physical touching involved was malicious and sadistic and "offensive

27  to human dignity," such as a sexual assault by an officer.  Schwenk, 204 F.3d at 1196.

28            Plaintiff alleges that Jackson and other unidentified officers taunted and ridiculed him

JDDL-K                                              - 9 -

and that Jackson made him strip in a bathroom.  As noted above, verbal abuse does not rise to a constitutional level.  Plaintiff does not allege that Jackson touched him, but only made him disrobe.  Even if Jackson did so for an improper purpose such as to harass Plaintiff, such conduct does not rise to the level of a constitutional violation absent additional facts. Plaintiff fails to state a claim for cruel and unusual punishment based on the alleged sexual harassment.

### 3.    Due Process

Plaintiff in part appears to be alleging that the loss of his television violated his due process rights.  In Parratt v. Taylor, 451 U.S. 527, 541 (1981), the Supreme Court held that due process is not violated when a state employee negligently deprives an individual of property, as long as the state makes available a meaningful post-deprivation remedy.  The rationale underlying Parratt is that pre-deprivation procedures are impractical when the deprivation of property occurs through random and unauthorized conduct of a state employee because the state cannot know when such deprivations will occur.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  This logic has been extended to intentional deprivations of property. Id.  The availability of a common-law tort suit against the state employee constitutes an adequate post-deprivation remedy for intentional unauthorized deprivations of property. Hudson, 468 U.S. at 534-35.

ADC provides a post-deprivation remedy for negligent or unauthorized, intentional deprivation of prisoner property.  The prison grievance system has been found to constitute an adequate post-deprivation remedy for unauthorized, intentional deprivations of prisoner property, specifically, Department Order (DO) 909.09.  See Robberson v. Perkins, No. CV06-2898-PHX-MHM (DKD), 2007 WL 2422056 at *2 (D. Ariz. Aug. 22, 2007). Arizona prison inmates can use the inmate grievance system to file claims seeking reimbursement for property loss or damage.  Id.  Plaintiff accordingly fails to state a constitutional claim for deprivation of property in violation of his due process rights.

### E.    Count III

Plaintiff designates Count III as a claim for threat to his safety.  Prison officials are

required to take reasonable measures to guarantee the safety of prisoners.  <u>Farmer</u>, 511 U.S. at 832-33.  To state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks.  <u>Id.</u>  To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.  <u>Id.</u> at 837.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."  <u>Id.</u>

In Count III, Plaintiff alleges that he should have been moved from the Bachman Unit after he was assaulted on January 20, 2009, but was not moved until March 17, 2009, following a third assault.  He alleges that he asked his counselor to be moved after the second attack, but Deputy Warden Malone denied the request.  Plaintiff does not allege that any prison official knew or had reason to know that Plaintiff was likely to be assaulted on January 20, March 6 or 7, or March 17, 2009.  Plaintiff also does not allege that he informed any prison official that he had reason to believe that he was being targeted by any other inmate, or group of inmates, for attack.  Nor does Plaintiff allege facts to support that he was less likely to be randomly assaulted in a different unit if moved from the Bachman Unit.  Accordingly, Plaintiff fails to allege facts to support that any prison official acted with deliberate indifference to his safety and he fails to state a claim in Count III.

**V.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its

1   entirety on the court-approved form and may not incorporate any part of the original
2   Complaint by reference.  Plaintiff may include only one claim per count.
3       A first amended complaint supersedes the original complaint.  <u>Ferdik v. Bonzelet</u>, 963
4   F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,
5   1546 (9th Cir. 1990).   After amendment, the Court will treat an original complaint as
6   nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original
7   complaint is waived if it is not raised in a first amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d
8   565, 567 (9th Cir. 1987).

9   **VI.    Warnings**

10      **A.    Release**

11      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
12  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
13  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
14  in dismissal of this action.

15      **B.    Address Changes**

16      Plaintiff must file and serve a notice of a change of address in accordance with Rule
17  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
18  relief with a notice of change of address.  Failure to comply may result in dismissal of this
19  action.

20      **C.    Copies**

21      Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>
22  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice
23  to Plaintiff.

24      **D.    Possible "Strike"**

25      Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails
26  to file an amended complaint correcting the deficiencies identified in this Order, the
27  dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).
28  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 3.)

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)    The Complaint is **dismissed** for failure to state a claim.  (Doc. 1.)  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 3rd day of January, 2011.

David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<u>Phoenix & Prescott Divisions</u>:       **OR**        <u>Tucson Division</u>:
U.S. District Court Clerk                          U.S. District Court Clerk
U.S. Courthouse, Suite 130                        U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                405 West Congress Street
Phoenix, Arizona  85003-2119                      Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>. You must identify which civil right was violated. **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>. Check the box that most closely identifies the issue involved in your claim. **You may check only one box per count**. If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>. After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you must identify which defendant did what act. You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>. State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>. You must exhaust any available administrative remedies before you file a civil rights complaint. <u>See</u> 42 U.S.C. § 1997e. Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint. Failure to sign the complaint will delay the processing of your action. Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed. All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, )<br>(Full Name of Plaintiff)    Plaintiff, )<br><br>vs.                )<br>                )<br>(1) _____, )<br>(Full Name of Defendant)        )<br>(2) _____, )<br>                )<br>(3) _____, )<br>                )<br>(4) _____, )<br>         Defendant(s).    )<br>☐ Check if there are additional Defendants and attach page 1-A listing them. ) | **CASE NO.** _____<br>      (To be supplied by the Clerk)<br><br><br>**CIVIL RIGHTS COMPLAINT<br>BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

Revised 3/9/07                    1                    **550/555**

**B.  DEFENDANTS**

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                    (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                    (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                    (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.  Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count I?    ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?    ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
            _____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
at your institution?                                                         ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count II?          ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count II to the highest level? ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes  ☐ No
    b.   Did you submit a request for administrative relief on Count III?    ☐ Yes  ☐ No
    c.   Did you appeal your request for relief on Count III to the highest level?    ☐ Yes  ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____            _____
                    DATE                               SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.